**James MAYNARD and Ruth Maynard, Plaintiffs-Appellants,**

v.

**REVERE COPPER PRODUCTS, INC., Defendant,**

**United Auto Workers of America, Local 174, Defendant-Appellee.**

No. 83–1144.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 20, 1985.

Decided Oct. 2, 1985.

Rehearing and Rehearing En Banc Denied Nov. 14, 1985.

Samuel A. Meklir (argued), Meklir, Schreier, Nolish & Friedman, Southfield, Mich., for plaintiffs-appellants.

Peter A. Caplan, Bruce A. Miller, William A. Wertheimer (argued), Miller, Cohen, Martens · & Sugerman, Detroit, Mich., for defendant-appellee.

Before LIVELY, Chief Judge; CONTIE and WELLFORD, Circuit Judges.

LIVELY, Chief Judge.

The question in this case is whether a claim for damages by an employee against his union for breach of the union's duty of fair representation, based on a state civil rights law designed to protect handicapped workers from employment discrimination, is preempted by federal labor law.

**I**

The plaintiffs appeal from summary judgment in favor of the defendant United

Auto Workers of America, Local 174 in an action seeking damages for failure of the union to fairly represent James Maynard in a dispute with Maynard's employer, Revere Copper Products, Inc. The complaint alleged that Maynard returned to work after an injury and that the employer ignored medical restrictions limiting his activities to light or favored work and that he subsequently reinjured himself while attempting to perform heavy manual labor. According to the complaint, Maynard "sought the protection and representation" of the union when ordered to return to heavy work, but the union refused to take any action on his behalf or to represent him before the employer.

In separate paragraphs of the complaint Maynard included by reference all the allegations against his employer and the union and added a claim under the Michigan Handicappers' Civil Rights Act, M.C.L.A. § 37.1101 et seq., in the following language:

36. That the acts of the Defendants as previously described constitute a violation of the Plaintiff's civil rights, including but not limited to the Michigan Handicappers' Civil Rights Act.

37. That as a result of the Defendants violation of the Plaintiff's civil rights, the Plaintiff has suffered both physical and emotional injuries as previously described.

The complaint charged that Revere demanded that Maynard return to heavy manual labor on or about May 23, 1981 and that "immediately after" that date he complained to and sought the protection and representation of the union. Maynard alleged that he was reinjured while performing such work on September 14, 1981.

The complaint was filed in state court on September 27, 1982 and removed to the federal district court on October 18, 1982. Thereafter the union filed a motion for summary judgment on the grounds, among others, that Maynard's claim for breach of the union's duty of fair representation was

barred by the applicable statute of limitations and that the claim under the Handicappers' Act was preempted by federal labor law. After receiving briefs and conducting a hearing the district court granted the union's motion for summary judgment on the two grounds noted above. The district court certified its order as a final judgment pursuant to Rule 54(b), Fed.R. Civ.P.

## II

On appeal the plaintiffs[1] concede that their claim for breach of the union's duty of fair representation, under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, is barred by limitations. The Supreme Court settled the limitations question in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In that decision the Court held that the 6-month limitations period contained in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), governs both claims in a "hybrid" action against an employer for breach of a collective bargaining agreement and against a union for breach of the duty of fair representation. This court concluded that *DelCostello* should be applied retroactively in *Smith v. General Motors Corp.*, 747 F.2d 372 (6th Cir.1984). Thus, *DelCostello* applies to the present case and the claim for breach of the union's duty of fair representation is time-barred.

The plaintiffs contend that they are entitled to pursue their claim under the Michigan Handicappers' Act as a separate cause of action, unaffected by the demise of the fair representation claim. They rely principally on *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). In *Alexander* the Supreme Court held that an employee who pressed a claim of discriminatory discharge as a grievance through unsuccessful arbitration was not precluded from bringing an action in federal district court under Title VII of

---

1. Ruth Maynard, wife of James Maynard, sued for loss of consortium and the district court held that her derivative claim fell with the primary claim of her husband.

the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, based on the same discharge. The district court in *Alexander* relied on the doctrine of election of remedies and found that, having chosen to pursue arbitration, the employee was foreclosed from proceeding in a second forum under Title VII. In reversing, the Supreme Court held that the doctrine of election did not apply and that the relationship between the forums—the arbitration machinery and the federal courts—is "complementary" rather than mutually exclusive. *Id.* at 48–51, 94 S.Ct. at 1019–21.

The plaintiffs also cite *Zahnow v. Great Lakes Distributing Co.*, 544 F.Supp. 553 (E.D.Mich.1982). In *Zahnow* the district court held that a claim of unfair representation against a union was barred by the 6-month statute of limitations, applying a pre-*DelCostello* holding of this court. See *Badon v. General Motors Corp.*, 679 F.2d 93 (6th Cir.1982). However, the district court declined to exercise pendent jurisdiction over claims under the Handicappers' Act, and remanded those claims to the state court from which the action had been removed. The plaintiffs urge us to follow this procedure in the present case and direct the district court to remand the claims under the Handicappers' Act to the state court.

### III

In this case the district court found that the only provision of the Handicappers' Act which could provide a cause of action to the plaintiffs is that found in M.C.L.A. § 37.-1204(d):

A labor organization shall not:

\*     \*     \*     \*     \*     \*

(d) Fail to fairly and adequately represent a member in a grievance process because of a member's handicap.

Judge Guy concluded that this provision created no new rights for an employee and imposed no duty on a union not already clearly present under existing federal labor law. Since the section 301 claim for failure to provide fair and adequate representation was barred by limitations, it would be ano-

malous to hold that the same claim survived the defense of limitations because it was stated in terms of the state law designed to protect handicapped workers from discrimination. There was but one claim for failure to represent, and that claim was barred. A ruling to the contrary would mean that the uniformity required by the Supreme Court in determining limitations for such claims would be lost.

We agree with the district court. The doctrine of preemption is firmly established in labor law. The duty of fair representation relates to an area of labor law which has been so fully occupied by Congress as to foreclose state regulation. Whether union conduct constitutes a breach of the duty of fair representation is a question of federal law. *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 299, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473 (1971). The fact that an action for failure to fairly represent a member may be brought in a state court, see *Humphrey v. Moore*, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964), is beside the point. Regardless of the forum in which the claim is presented, the case is controlled by federal law. *Id.* at 343–44, 84 S.Ct. at 368–69.

As we construe the district court's oral ruling and written order, it did not decline the request to remand the Handicappers' Act claims on the ground that the federal district court was the only forum which had jurisdiction to consider it. See *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244–45, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959). The district court dismissed plaintiffs' claims rather than remanding them because federal law required dismissal regardless of whether the action was in a state or a federal court. The duty of fair representation is a federally created statutory duty and federal law "governs" a cause of action for breach of that duty. *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). Thus, if the district court had remanded the claims under the Handicappers' Act, the state court would have been required to apply federal law and hold that

those claims, based on the alleged breach of the union's duty of fair representation, were barred by limitations.

We find no support for plaintiffs position in *Alexander v. Gardner-Denver Co.* The issue of preemption was not considered in that case. In *Alexander* the Court held that Title VII is a comprehensive statute dealing with employment discrimination, and a party cannot be deprived of its procedures and remedies because he or she has chosen to pursue a parallel process based on a collective bargaining agreement. The decision in *Alexander* provides no basis for holding that the federal substantive law applicable to a claim for alleged breach of a union's duty of fair representation does not preempt state laws dealing with the same duty. Although the district court in *Zahnow v. Great Lakes Distributing Co.* granted the relief which plaintiffs sought in the present case, it did not do so in the face of an assertion of preemption. So far as the opinion indicates, preemption was not an issue in *Zahnow*, and it is not clear what provision of the Handicappers' Act the plaintiff was relying upon. The issue in *Zahnow* was whether the Handicappers' Act applied to the claim at all. The district court concluded that this question of the coverage of a state statute was best left for determination by a state court where the issue had been presented as a pendent state claim. In the present case Judge Guy did not reach the question of coverage, because he concluded that the only possible claim under the Handicappers' Act was preempted by the federally created right of a union member to fair representation by his union.

The judgment of the district court is affirmed.