**Michael NOLTE, Plaintiff,**

v.

**BLUE CROSS BLUE SHIELD OF MICHIGAN, Defendant.**

**Civ. A. No. 85–73860.**

United States District Court, E.D. Michigan, S.D.

Aug. 26, 1986.

George M. Maurer, Jr., Maurer and Kalls, Detroit, Mich., for plaintiff.

Karen Kienbaum, Asst. Gen. Counsel, Blue Cross Blue Shield of Michigan, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Plaintiff, a former bargaining unit employee, alleges that defendant constructively discharged him after an automobile accident left him paraplegic. He brought several state claims in Wayne County Circuit Court and defendants removed pursuant to 28 U.S.C. § 1441, claiming the case arises under § 301 of the Labor Management Relations Act ("§ 301"), 29 U.S.C. § 185. Defendant moves for summary judgment on plaintiff's claim under the Michigan Handi-

---

cappers' Act, Mich.Comp.Laws §§ 37.-1101–.1607. I find no basis for federal jurisdiction and remand this action to state court.

Federal jurisdiction hinges on the complaint:

> [A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law.
>
> ....
>
> ... [A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

*Franchise Tax Board v. Laborers Vacation Trust*, 463 U.S. 1, 10, 13–14, 103 S.Ct. 2841, 2846, 2848, 77 L.Ed.2d 420 (1983) (emphasis original). A complaint must include necessary federal questions:

> [I]t is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions....
>
> ....
>
> ... [I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law.

*Franchise Tax*, 463 U.S. at 22–24, 103 S.Ct. at 2852–2854.

*Avco v. Aero Lodge 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), holds that § 301 completely pre-empts state law contract actions based on collective bargaining agreements. *See also Franchise Tax*, 463 U.S. at 23–24, 103 S.Ct. at 2853–2854 (discussing *Avco* holding). *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985), extends *Avco* to any state law claim, contract or

otherwise, that is "inextricably intertwined with consideration of the terms of the labor contract." The issue here is whether plaintiff's claim falls within this rule. I hold that it does not.[1]

In *Allis-Chalmers*, the Court pre-empted a state tort action for bad faith handling of an insurance claim: "Because the right asserted not only derives from the contract, but is defined by the contractual obligation of good faith, any attempt to assess liability here inevitably will involve contract interpretation." *Allis-Chalmers*, 105 S.Ct. at 1914–15. The Court limited its holding:

> Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law.... Such a rule of law would delegate to unions and unionized employers the power to exempt themselves from whatever state labor standards they disfavored.... In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to pre-empt state rules that proscribe conduct, or establish rights or obligations, independent of a labor contract.
>
> ... [A]nalysis must focus, then, on whether the [state cause of action] ... confers non-negotiable state law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the [cause of action] is inextricably intertwined with consideration of the terms of the labor contract. If the state [cause of action] purports to define the meaning of the contract relationship, that law is pre-empted.

*Allis-Chalmers*, 105 S.Ct. at 1911–12.

This limitation saves state civil rights laws, like the Handicappers' Act, from wholesale pre-emption. These laws do not "[purport] to define the meaning of the

---

**1.** I disagree with the opinion of my respected colleague, Judge Joiner, in *Butynski v. General*

*Motors*, No. 85–0454 (E.D.Mich. March 12, 1986) [Available on WESTLAW, DCTU database].

contract relationship." They confer "non-negotiable state rights" and "exist independently of private agreements." *See McGee v. Chrysler,* No. 86–0155 (E.D.Mich. April 15, 1986) (Feikens, J.) (bench opinion); *Kazor v. General Motors,* 118 L.R.R.M. 2637, 2639 (BNA) (E.D.Mich. March 29, 1984) (Feikens, J.) (Handicappers' Act confers "a statutory right that exists independent of any protection afforded by the collective bargaining agreement"). Private parties should not be able to eliminate the protections of these laws by concluding a collective bargaining agreement. *See McGee, supra.* *Cf. Allis-Chalmers,* 105 S.Ct. at 1912 n. 8 (under *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), federal civil rights cannot be waived by contractual agreement).

Defendant cites *Maynard v. Revere Copper Products,* 773 F.2d 733 (6th Cir.1985), and *Stephens v. Norfolk and Western Railway,* 792 F.2d 576 (6th Cir.1986), both of which are inapposite. Each decision turned on federal interests implicated by the facts and embodied in provisions of federal law other than § 301. *Maynard* applied *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959),[2] to pre-empt a Handicappers' claim alleging unfair union representation. Mich.Comp.Laws § 37.1204(d). *Stephens* pre-empted a Handicappers' claim because it created a "minor dispute" subject to the exclusive *statutory* jurisdiction of the National Railroad Adjustment Board. 45 U.S.C. § 153 First (i). Neither case pre-empted the state claim merely because of a collective bargaining agreement enforceable under § 301.

Because § 301 does not pre-empt plaintiff's cause of action, there is no basis for federal jurisdiction. Accordingly, I remand this action to Wayne County Circuit Court pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

**2.** *Garmon* pre-emption is based on the National Labor Relations Act, not § 301. *See Allis-Chal-* *mers,* 105 S.Ct. at 1912–13 n. 9.