## Driscoll and Dailey v. Carpenter's District Council of Western Pa.

*Daniel W. Ernsberger,* for plaintiffs.
*Richard D. Gilardi,* for defendants.

NARICK, *A.J.*, October 28, 1986 — Before the court is Carpenters District Council of Western Pennsylvania and Local 1010's motion for summary judgment. In their motion, defendants contend that plaintiffs' complaint arguably alleges a violation of section 8 of the federal statute governing labor relations and therefore that the state court must defer to the National Labor Relations Board. Labor Management Act of 1947, 29 U.S.C. § 141 et seq. In the alternative, they contend that plaintiffs' charges filed with the Pennsylvania Human Relations Commission were not timely filed. Based on our disposition of the motion in favor of defendants that the federal preemption doctrine is applicable, we do not discuss this alternative contention.

Plaintiffs, father and daughter, are members of defendant unions. They are both journeymen carpenters. They are covered by a labor agreement between defendants and various employers. The agreement provides for a hiring hall which is administered by defendants. Plaintiffs allege in their complaint that defendants, contrary to the labor agreement and the hiring-hall practices, have discriminated against plaintiff Driscoll on account of her sex and against plaintiff Dailey on account of his efforts on behalf of Driscoll. Based on this allegation, defendants' conduct arguably constitutes a violation of the above federal labor law.

Clearly, as held by the courts and the NLRB, a union violates sections 8(b)(1)(A) and 8(b)(2) of the Labor Management Relations Act if it unfairly discriminates against members in the operation of a hiring hall or referral system and takes actions against a member or employee upon considerations which are irrelevant, invidious or unfair. *Pacific Maritime Assn.*, 85 LRRM 1389, 209 NLRB 519

(1974); *Local 12, United Rubber, Cork, Linoleum & Plastic Workers of America, AFL-CIO,* 150 NLRB 312, 57 LRRM 1535, enfd. 368 F.2d 12, 63 LRRM 2395 (C.A. 5); *NLRB v. Hoisting Engineers,* 456 F.2d 242, 79 LRRM 2771 (1st. Cir. 1972); *NLRB v. IBEW,* 357 F.2d 51, 61 LRRM 2371 (3rd Cir. 1966).

In the *Pacific Maritime* case, supra, the NLRB found that a union violated Sections 8(b)(1)(A) and 8(b)(2) of the NLRA when it caused employers to discriminate against female job applicants by denying them the use of a hiring hall solely on the basis of their sex. The NLRB rejected a contention that alleged sex discrimination growing out of a hiring-hall practice should be processed only under Title VII of the Civil Rights Act, stating: "The board has held, with court approval, that the board's powers and duties are in no way limited by Title VII." (citation omitted).

We are satisfied, under the preemption doctrine, that a state court has no jurisdiction over matters arguably subject to the National Labor Relations Act if it is a matter affecting interstate commerce. *San Diego Trades Council v. Garmon,* 359 U.S. 236, 244 (1959); *Stryjewski v. Local 830,* 426 Pa. 512, 233 A.2d 264 (1967); *Maynard v. Revere Copper Products,* 773 F.2d 733, 38 FEP Cases 1729 (6th Cir. 1985).

In *Stryjewski,* supra, our Supreme Court, in declining to exercise jurisdiction in a case which involved a potential violation of the NLRA, stated "when the matters in dispute are *arguably* subject to sections 7 or 8 of the National Labor Relations Act then the state . . . must defer to the *exclusive* jurisdiction of the NLRB. . . ." 233 A.2d at 266. (emphasis in original).

The Pennsylvania Supreme Court applied the doctrine with the same result in *Kerr v. Butler Bldg.*

*Trades,* 447 Pa. 247, 288 A.2d 525 (1972). In that case, the court noted that if the effect on commerce is insufficient to bring about federal preemption, there would still be no jursidiction in the trial court because the statutory law of the commonwealth would vest jurisdiction in the state Labor Relations Board. (The PLRB of 1973, Act of June 1, 1973, PLR 1168, Section 1, et seq., as amended, 43 P.S. §211.1, et seq., is patterned after the NLRA.) Like the LMRA, it invests the state Labor Relations Board with exclusive power to prevent any person from engaging in any unfair labor practice.

For the foregoing reasons, we grant defendants' motion for summary judgment and accordingly dismiss the complaint.

## ORDER

And now, this October 28, 1986, for the reasons set forth in the foregoing memorandum, it is hereby ordered, adjudged and decreed that defendants' motion for summary judgment be granted, and the complaint dismissed with prejudice.