**Ralph FLEMING, Plaintiff,**

v.

**CHRYSLER CORPORATION, a Delaware corporation, Louis Ebaldi and Lyndon Verlyndon, Jointly and Severally, Defendants.**

No. 85–CV–73803–DT.

United States District Court,
E.D. Michigan, S.D.

March 10, 1987.

Monica Farris Linkner and Thomas R. Paxton, Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick, Detroit, Mich., for plaintiff.

William T. McLellan and Steven B. Hantler, Chrysler Corp., Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

HACKETT, District Judge.

This matter is presently before the court on defendant's motion for summary judgment on the remaining counts in plaintiff's complaint. For the reasons set forth below, defendant's motion is granted.

### FACTS

Plaintiff was hired by defendant Chrysler Corporation ("Chrysler") in September, 1976. He worked as a painter/glazer at Chrysler until he was laid off on October 19, 1984. Throughout his employment at Chrysler, plaintiff was a member of the International Union, UAW. Defendants Louis Ebaldi and Lyndon Verlyndon were plaintiff's supervisors.

Plaintiff has asserted that he was afflicted with a physical condition that precluded him from performing his assigned duties. He therefore asked that Chrysler make certain provisions for his physical limitations. Apparently he had been involved on August 31, 1984, in an automobile accident, as a result of which he suffered repeated episodes of vomiting that lasted from two to seven days. He asked UAW officials to discuss with Chrysler the possibility of placing work restrictions on plaintiff's assignments.

On October 19, 1984, plaintiff was placed on indefinite layoff in a reduction in force at Chrysler's Detroit Forge Plant. Plaintiff characterizes his indefinite layoff as a discharge. Defendant maintains, however, that plaintiff retained all of his recall rights under Chrysler's collective bargain-

ing agreement ("CBA") with the UAW, until he signed a release and waiver of seniority on May 15, 1986, pursuant to a settlement of a workers' compensation claim he filed on February 21, 1986.

On July 29, 1985, plaintiff filed the instant lawsuit, alleging that his indefinite layoff and Chrysler's failure to make provisions for his physical condition constituted handicap discrimination, retaliatory discharge, breach of an implied duty of good faith and fair dealing, and intentional interference with his pursuit of his occupation.

Plaintiff initially took his dispute with Chrysler to the UAW, which filed a grievance on his behalf asserting that his layoff was improper. This grievance was processed through the first three steps of the grievance procedure and was pending at the fourth step when plaintiff voluntarily quit his employment. Plaintiff instituted the present action without having exhausted all available union grievance procedures. Chrysler removed plaintiff's suit to this court, alleging that at least some, if not all, of plaintiff's claims constitute claims under § 301 of the Labor Management Relations Act ("LMRA"). Plaintiff's subsequent motion to remand to state court was denied in an order issued by Judge LaPlata on October 5, 1985. Judge LaPlata ruled at that time that plaintiff's claims of breach of an implied duty of good faith and interference with pursuit of his occupation arise under § 301.

## DISCUSSION

This court has previously applied the artful pleading rule in similar actions. In *Butynski v. General Motors Corporation,* No. 85–CV–60454–AA (E.D.Mich., March 12, 1986, Joiner, J.) [Available on WEST-LAW, DCT database] the plaintiff alleged that her complaint referred only to the Michigan Handicappers Civil Rights Act and not to any provision of federal law. She argued that removal was therefore improper. The court disagreed. It held that since plaintiff had raised issues of job assignment and seniority in her complaint—subjects covered by the collective bargaining agreement—plaintiff's suit fell under § 301 of the LMRA. The court refused to allow "artful pleading" to prevent removal

of a claim properly covered by the labor statute.

In the present case, although plaintiff fails to refer in his complaint to the CBA between Chrysler and the UAW, the complaint is replete with references to issues covered by the CBA. To the extent that a subject is governed by the CBA, the CBA must necessarily preempt state law, in order to achieve the intent of the LMRA to achieve uniform interpretation of collective bargaining agreements. *Allis-Chalmers Corporation v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

Recent opinions of the Court of Appeals for the Sixth Circuit confirm prior decisions in this District. In *Stephens v. Norfolk & Western R. Co.,* 792 F.2d 576 (6th Cir. 1986), the Court of Appeals invoked the following test to determine whether a railroad employee, who had been disqualified from work following diagnosis of degenerative disease in his lower back, could bring a cause of action under the Michigan Handicappers Civil Rights Act:

> If the "action is based on a matrix of facts which are inextricably intertwined with the grievance machinery of the collective bargaining agreement and the [Railway Labor Act]", exclusive jurisdiction of the [National Railroad Adjustment Board] preempts the action.

792 F.2d 576 at 580. The court rejected Stephens' claim under the Handicappers Act, having found that the collective bargaining agreement covered aspects of the work relationship between the railroad and its employees, including the employer's right to set physical qualifications for its employees.

In the present case, a supplement to the CBA between Chrysler and the UAW, dated November 5, 1976, specifically addresses assignment of jobs in consideration of physical limitations. (See Defendant's motion, Exhibit 4). Provisions for layoff, reduction in force and subsequent seniority rights are set forth in the body of the CBA, Sections 58–66 (see Defendant's motion, Exhibit 3). Because plaintiff's discrimination claim arises out of subject matter included in the CBA and supplements thereto, it is preempted by federal labor law.

Similarly, plaintiff's retaliatory discharge claim is preempted as it is also "inextricably intertwined" with the provisions of the CBA governing discharge and appeal from discharge (see Defendant's motion, Exhibit 2). See *Vantine v. Elkhart Brass Mfg. Co.*, 762 F.2d 511 (7th Cir.1985), *Stephens* and *Butynski, supra.*

In sum, this court finds that plaintiff's remaining claims are subject to the collective bargaining agreement between his union and his employer, and are, therefore, preempted by the Labor Relations Act, 29 U.S.C. § 185. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted.