David **TROMBLEY** and James
Concord, Plaintiffs,

v.

**FORD MOTOR COMPANY, a Michigan
corporation, Defendant.**

Civ. A. No. 87–71592.

United States District Court,
E.D. Michigan, S.D.

July 22, 1987.

David A. Kotzian, Joseph A. Golden,
Sommers, Schwartz, Silver & Schwartz,
Southfield, Mich., for plaintiffs.

Victor G. Marrocco, Willie E. McGlory,
Ford Motor Legal Staff, Dearborn, Mich.,
for defendant.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

David Trombley and James Concord
("plaintiffs"), former bargaining unit em-
ployees of Ford Motor Company ("defend-
ant"), filed suit in Wayne County Circuit
Court and claimed defendant wrongfully
discharged them in retaliation for their
worker's compensation claims, *Suchodolski
v. Michigan Consolidated Gas Co.*, 412
Mich. 692 (1982), and in violation of the
Michigan Handicappers' Civil Rights Act,
Mich.Comp.Laws §§ 37.1101–37.1607. De-
fendant removed the action pursuant to 28
U.S.C. § 1441, claiming it presented a fed-
eral cause of action for breach of a collec-
tive bargaining agreement. Labor
Management Relations Act of 1947, Pub.L.
No. 80–101, § 301, 61 Stat. 136, 156–157
(1947), 29 U.S.C. § 185 ("§ 301"). Plain-
tiffs move for remand. 28 U.S.C.
§ 1447(c).

Federal jurisdiction hinges on the com-
plaint:

> [A] defendant may not remove a case to
> federal court unless the *plaintiff's* com-
> plaint establishes that the case "arises
> under" federal law.
>
> . . . .
>
> ... [A] case may not be removed to
> federal court on the basis of a federal
> defense, including the defense of pre-
> emption, even if the defense is anticipa-
> ted in the plaintiff's complaint, and even
> if both parties admit that the defense is
> the only question truly at issue in the
> case.

*Franchise Tax Board v. Laborers Vaca-
tion Trust*, 463 U.S. 1, 10, 13–14, 103 S.Ct.
2841, 2848–2849, 77 L.Ed.2d 420 (1983) (em-
phasis original). A complaint must include
necessary federal questions:

> [I]t is an independent corollary of the
> well-pleaded complaint rule that a plain-
> tiff may not defeat removal by omitting
> to plead necessary federal questions....
>
> . . . .
>
> ... [I]f a federal cause of action com-
> pletely preempts a state cause of action
> any complaint that comes within the
> scope of the federal cause of action nec-
> essarily "arises under" federal law.

*Franchise Tax*, 463 U.S. at 22–24, 103 S.Ct.
at 2852–2854.

*Avco v. Aero Lodge 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), holds that § 301 completely pre-empts state law contract actions based on collective bargaining agreements. *See also Franchise Tax*, 463 U.S. at 23–24, 103 S.Ct. at 2853–2854 (discussing *Avco* holding). *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985), extends *Avco* to any state law claim, contract or otherwise, that is "inextricably intertwined with consideration of the terms of the labor contract."[1] *Allis-Chalmers* does not pre-empt all state employment regulation:

> Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law.... Such a rule of law would delegate to unions and unionized employers the power to exempt themselves from whatever state labor standards they disfavored.... In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.
>
> ... [A]nalysis must focus, then, on whether the [state cause of action] ... confers non-negotiable state law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the [cause of action] is inextricably intertwined with consideration of the terms of the labor contract. If the state [cause of action] purports to define the meaning of the contract relationship, that law is pre-empted.

*Allis-Chalmers*, 471 U.S. at 211–213, 105 S.Ct. at 1911–1912.

The public policy and civil rights protections of state law do not "[purport] to define the meaning of the contract relationship"; they confer "non-negotiable state rights" and "exist independently of private agreements." *See Nolte v. Blue Cross Blue Shield of Michigan*, 651 F.Supp. 576 (E.D.Mich.1986) (Feikens, J.) (§ 301 does not pre-empt state law Handicappers' claim); *McGee v. Chrysler Corp.*, No. 86–70155 (E.D.Mich.1986) (Feikens, J.) (bench opinion) (same); *Turk v. General Motors Corp.*, 637 F.Supp. 739 (E.D.Mich.1986) (Cohn, J.) (same); *Austin v. New England Telephone and Telegraph Co.*, 644 F.Supp. 763 (D.Mass.1986) (same); *Cronan v. New England Telephone and Telegraph Co.*, 1 Ind.Emp. Rights Cases (BNA) 658 (D.Mass. April 11, 1986) (same); *Benton v. Kroger Co.*, 635 F.Supp. 56 (S.D.Tex.1986) (§ 301 does not pre-empt claim that employer violated public policy by retaliating against an employee who filed a worker's compensation claim); *Scott v. United Motor Mfg. Co.*, 632 F.Supp. 891 (N.D.Calif.1986) (§ 301 does not pre-empt state law race discrimination claim).[2] *Cf. Kazor v. General Motors Corp.*, 118 L.R.R.M. (BNA) 2637, 2639 (E.D.Mich. March 29, 1984) [Available on WESTLAW, DCT database] (Feikens, J.) (holding prior to *Allis-Chalmers* that Michigan Handicappers' Act confers "a statutory right that exists independent of any protection afforded by the collective bargaining agreement"); *Sears v. Ryder Truck Rental, Inc.*, 596 F.Supp. 1001, 1003 (E.D.Mich.1984) (Gilmore, J.) (holding prior

---

**1.** *Allis-Chalmers* pre-empts a state tort action for bad faith handling of an insurance claim: "Because the right asserted not only derives from the contract, but is defined by the contractual obligation of good faith, any attempt to assess liability here inevitably will involve contract interpretation." *Allis-Chalmers*, 471 U.S. at 218, 105 S.Ct. at 1915.

**2.** Defendant submits four decisions (three unpublished) holding that § 301 pre-empts state law public policy and civil rights protections. *Fleming v. Chrysler Corp.*, 659 F.Supp. 392 (E.D. Mich.1987) (Hackett, J.); *Centers v. General Mo-*

*tors Corp.*, No. 85–40537–FL (E.D.Mich. Feb. 9, 1987) [Available on WESTLAW DCT database] (Newblatt, J.); *Smolarek v. Chrysler Corp.*, No. 86–71763 (E.D.Mich. Sept. 10, 1986) (Cook, J.); *Butynski v. General Motors Corp.*, No. 85–60454–AA (E.D.Mich. March 12, 1986) (Joiner, J.). I respectfully submit that my colleagues addressed the wrong question. They asked whether the collective bargaining agreement in any way overlapped state law protections; the proper question is whether the state protections would exist even if the contractual protections did not.

to *Allis-Chambers* that Michigan Elliott-Larsen Civil Rights Act, §§ 37.2101–37.-2804, confers "an independent action to vindicate discrimination"). Private parties have no power to alter either the substantive or procedural aspects of these state law protections. *See Nolte, supra; McGee, supra. Cf. Allis-Chalmers,* 471 U.S. at 213 n. 8, 105 S.Ct. at 1912 n. 8 (under *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), federal rights cannot be waived by contractual agreement).

Defendant cites *Maynard v. Revere Copper Products,* 773 F.2d 733 (6th Cir.1985), and *Stephens v. Norfolk and Western Ry.,* 792 F.2d 576 (6th Cir.1986), both of which are inapposite because each turns on federal interests embodied in provisions of federal law other than § 301. *Maynard* applies *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959),[3] to pre-empt a Handicappers' claim of unfair union representation. Mich.Comp.Laws § 37.1204(d). *Stephens* pre-empts a Handicappers' claim to protect the exclusive *statutory* jurisdiction of the National Railroad Adjustment Board over minor disputes. 45 U.S.C. § 153 First (i). Neither decision pre-empts a state claim merely because of a collective bargaining agreement enforceable under § 301.

Because § 301 does not pre-empt plaintiffs' claims, there is no basis for federal jurisdiction. Accordingly, I remand the action to Wayne County Circuit Court pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

**3.** *Garmon* pre-emption is based on the National Labor Relations Act, Pub.L. No. 74–198, §§ 7–8, 10, 49 Stat. 449, 452–455 (1935), not § 301. *See* *Allis-Chalmers,* 471 U.S. at 213–214 n. 9, 105 S.Ct. at 1912 n. 9.