## In re LAWRENCE MOORE/INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LITIGATION

**Lawrence Moore v. International Brotherhood Of Electrical Workers Local 6, et al., N.D.California, C.A. No. 3:01-3733,**

**Lawrence Moore v. International Brotherhood Of Electrical Workers Local 8, N.D.Ohio, C.A. No. 3:01-7556**

### No. 1449.

Judicial Panel on Multidistrict Litigation.

### April 15, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### *ORDER DENYING TRANSFER*

WILLIAM TERRELL HODGES, Chairman.

This litigation consists of two actions [1] pending, respectively, in the Northern District of California and Northern District of Ohio. Plaintiff Lawrence Moore moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in a single federal court. All responding defendants oppose the motion.

On the basis of the papers filed and hearing session held, the Panel finds that given the minimal number of actions involved in this docket, Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movant has failed to persuade us that any common questions of fact in this docket are sufficiently complex and/or numerous to justify Section 1407 transfer. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery, inconsistent pretrial rulings, or both. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan. Mult.Lit.1978). *See also Manual for Complex Litigation, Third,* § 31.14 (1995).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied. IT IS FURTHER ORDERED that the Michigan defendants' request for fees and costs is denied.

---

1. A third action—*Lawrence Moore v. Electrical Workers Local 58, et al.,* E.D. Michigan, C.A. No. 2:01–72222—was recently dismissed. Accordingly, the question of inclusion of this action in any Section 1407 proceedings is now moot.