Lawrence MOORE, Plaintiff–Appellant,

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 58, et al., Defendants–Appellees.

No. 02–1503.

United States Court of Appeals, Sixth Circuit.

Sept. 13, 2002.

Before SILER, DAUGHTREY, and GILMAN, Circuit Judges.

---

### ORDER

Lawrence Moore, proceeding pro se, appeals a district court order dismissing his labor action filed pursuant to the Labor–Management Relations Act, 29 U.S.C. § 185; the National Labor Relations Act, 29 U.S.C. § 158; the Employees Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 13, 2001, Moore filed suit against the International Brotherhood of Electrical Workers Local 58 ("Local 58"), Jeff Radjewski, Thomas Mittelbrun, and several fringe benefit funds for monetary and equitable relief. Moore asserted in his complaint that: 1) the defendants violated his rights under the Free Speech Clause and the Takings Clause; 2) the defendants committed fraud and deceit; 3) the defendants breached the Collective Bargaining Agreement ("CBA"); 4) Local 58 and Radjewski breached their duty of fair representation; and 5) the defendants intentionally inflicted emotional distress. Upon consideration of the pleadings, the district court granted the defendants' motions to dismiss, or, in the alternative, for summary judgment.

In his timely appeal, Moore essentially reasserts his claims and argues that the district judge should have recused herself.

Upon de novo review, we conclude that the district court's judgment must be affirmed. See Fed.R.Civ.P. 12(b)(6) and 56(c); Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995); Wright v. MetroHealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir.1995).

Moore's five claims substantially overlap and are based on virtually identical allegations. Moore, who was not a member of Local 58 but was a member of an affiliated union, received job referrals through Local 58's hiring hall to perform electrical work in July 1998 and from the week ending September 16, 2000, through the week ending November 4, 2000. Moore's main complaint is that Local 58 supposedly tricked him into signing the union dues deduction authorization form and would not refund the money or stop the withdrawals after he rescinded his authorization in a letter dated September 15, 2000. His other primary allegations were that Local 58 deducted the money while denying him a voice as a non-member, that the CBA did not permit deductions from the wages of non-members for union dues, that the defendants reduced his overtime pay rate, and that the defendants used the money deducted to make political contributions.

■ Moore's complaint lacked merit. Moore's first claim, in which he asserts that the defendants violated his constitutional rights, is not actionable. Generally, "the conduct of private parties lies beyond the Constitution's scope . . . ." Edmonson v. Leesville Concrete Co., 500 U.S. 614, 620, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).

■ Moore's other federal claim, breach of a duty of fair representation, is time-

barred by the six-month statute of limitations for unfair representation claims. *Adkins v. Int'l Union of Elec., Radio & Mach. Workers*, 769 F.2d 330, 335 (6th Cir.1985) (citations omitted). "[T]he statute of limitations begins to run when the claimant knows or should have known of the union's alleged breach of its duty of fair representation." *Schoonover v. Consol. Freightways Corp.*, 49 F.3d 219, 221 (6th Cir.1995); *see also Adkins*, 769 F.2d at 335. Moore should have known of any alleged breach of the duty of fair representation well before he completed the second job during the week ending November 4, 2000. Moore, however, did not file his complaint within six months, but waited seven months, until June 13, 2001.

■ Moore's state law claims are based upon the same allegations as his federal claim of a breach of the duty of fair representation and thus are preempted by federal labor law and are also time-barred. "The duty of fair representation relates to an area of labor law which has been so fully occupied by Congress so as to foreclose state regulation." *Maynard v. Revere Copper Prods., Inc.*, 773 F.2d 733, 735 (6th Cir.1985); *see also In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local No. 173*, 983 F.2d 725, 728–29 (6th Cir.1993). Moreover, when a federal claim of a breach of the duty of fair representation is barred by the six-month statute of limitations, "it would be anomalous to hold that the same claim survived the defense of limitations because it was stated in terms of state law." *Maynard*, 773 F.2d at 735.

■ Finally, the district judge did not abuse her discretion by failing to recuse herself. Moore was not entitled to recusal under 28 U.S.C. § 144 because he did not file an affidavit alleging judicial bias in the district court. *See United States v. Sammons*, 918 F.2d 592, 598–99 (6th Cir.1990).

Furthermore, the judge was not obligated to recuse herself pursuant to 28 U.S.C. § 455(a). A judge must only recuse herself where a reasonable person would be convinced that personal or extrajudicial bias exists. *Id.* at 599. No reasonable person would be convinced that the judge was biased against Moore. All of Moore's allegations referred to the judge's participation in the proceedings and do not support recusal. *See id.*

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.