**Lawrence MOORE, Plaintiff–Appellant,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 8, et al., Defendants–Appellees.**

No. 03–3171.

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2003.

See also 51 Fed.Appx. 486, 2002 WL 31056022.

Lawrence Moore, Toledo, OH, pro se.

Barry W. Fissel, Fadi V. Nahhas, Eastman & Smith, Joseph M. D'Angelo, Cosme, D'Angelo & Szollosi, and Michael P. Pazzo, Allotta & Farley, Toledo, OH, for Defendants–Appellees.

Before BOGGS, NORRIS, and CLAY, Circuit Judges.

*ORDER*

Lawrence Moore appeals a district court grant of summary judgment for defendants in this labor action filed under the Labor–Management Relations Act, 29 U.S.C. § 185, the National Labor Relations Act, 29 U.S.C. § 158, the Employees Retirement Income Security Act, 29 U.S.C. § 1001 et seq., and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Moore is a member of the International Brotherhood of Electrical Workers and is a traveler, or member "who works on a temporary basis within the geographical jurisdiction of a local union other than his own." *Local Union No. 948, (IBEW), AFL–CIO v. NLRB,* 697 F.2d 113, 114 & n. 1 (6th Cir.1982). Moore has a long history of litigating claims against his union and its locals. Recently, this court

affirmed a district court judgment that dismissed a complaint virtually identical to Moore's complaint herein involving another union local. *See Moore v. Int'l Bhd. of Elec. Workers, Local 58,* No. 02–1503, 2002 WL 31056022, 51 Fed.Appx. 486 (6th Cir. Sept. 13, 2002), *cert. denied,* 537 U.S. 1192, 123 S.Ct. 1272, 154 L.Ed.2d 1025 (2003).

As in that case, Moore filed the instant complaint in the district court alleging that: (1) defendants violated his rights under the Free Speech Clause and the Takings Clause; (2) defendants committed fraud and deceit; (3) defendants violated the Collective Bargaining Agreement; (4) the union local and representative violated their duty of fair representation; and (5) defendants intentionally inflicted emotional distress. The Judicial Panel on Multidistrict Litigation denied Moore's request to transfer this case and yet another virtually identical action he filed in California. *In re Lawrence Moore/Int'l Bhd. of Elec. Workers Litig.,* 198 F.Supp.2d 1382 (J.P.M.L.2002). Thereafter, defendants moved for summary judgment, and plaintiff responded in opposition. The district court granted summary judgment for defendants, and Moore filed a timely notice of appeal.

On appeal, Moore contends that: (1) the defendant union and union funds are "state actors" for purposes of § 1983; (2) he has no obligation to pay dues to the defendant local union because he is not a member of the local; (3) the defendant supplemental fringe benefit fund is fraudulent; and (4) his claims otherwise are not preempted, subject to exhaustion of union grievances, or barred under the applicable statute of limitations. Defendants respond that the district court properly dismissed Moore's complaint. In addition, the defendant local union and individual defendant Dennis Duffy have filed a motion for sanctions against Moore pursuant to Fed. R.App. P.

38. Defendants Toledo Electrical Welfare Fund and individual defendant Richard Clarson also move for sanctions and ask that Moore be enjoined from filing further appeals in this court without prior court approval.

Upon de novo review, we affirm the judgment because Moore's claims on appeal lack merit for the reasons stated by the district court in its order filed November 14, 2002, and for the reasons stated by this court in *Moore,* 2002 WL 31056022, at *1–2. First, the district court correctly concluded that none of the defendants is a "state actor" for purposes of 42 U.S.C. § 1983. *See Edmonson v. Leesville Concrete Co.,* 500 U.S. 614, 620, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991); *Messman v. Helmke,* 133 F.3d 1042, 1044 (7th Cir. 1998). Any claim for breach of a duty of fair representation is barred under the applicable statutes of limitations. *See Adkins v. Int'l Union of Elec., Radio & Mach. Workers,* 769 F.2d 330, 335 (6th Cir.1985). Plaintiff's state law claims are preempted under federal law insofar as they implicate a collective bargaining agreement or employment benefits. *See Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir.1991); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 249 (6th Cir.1986). Under these circumstances, Moore's claims lack merit.

Finally, defendants' motions for sanctions will be granted because Moore's appeal is frivolous. *See Wilton Corp. v. Ashland Castings Corp.,* 188 F.3d 670, 676–77 (6th Cir.1999). The defendant local union and individual defendant Duffy seek attorneys fees and costs that relate to the period following a March 25, 2002, letter asking Moore to voluntarily dismiss his claims in the district court. However, only an award of attorneys fees attributable to this appeal and incurred after Moore filed his

notice of appeal on December 13, 2002, and of double the moving defendants' other appellate costs is appropriate in this case pursuant to Fed. R.App. P. 38. Accordingly, both motions for sanctions are granted only to this extent. The motion to enjoin Moore from filing further appeals in this court without prior court approval is denied.

For the foregoing reasons, the motions for sanctions are granted, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.