### Jadelyn FOSTER, Plaintiff,

v.

### Reuben RICHARDSON, Nathan Yasso, Royal Contracting Co., Ltd., a Hawaii corporation, Operating Engineers Local Union No. 3, John Does 1–5, Jane Does 1–5, Doe Corporations 1–10, Doe Partnerships 1–10, and Doe Governmental Agencies 1–10, Defendants.

### No. 93–00253 ACK.

United States District Court,
D. Hawaii.

Jan. 14, 1994.

Kevin H.S. Yuen, Wailuku, Maui, HI, for plaintiff.

James K. Tam, Dale L. Bennett, William J. Nagle, III, Tam & O'Connor, Herbert R. Takahashi, Stanford H. Masui and Danny J. Vasconcellos, Takahashi & Masui, Honolulu, HI, for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

KAY, Chief Judge.

### Facts

On January 12, 1993, Jadelyn Foster filed this action (Civil No. 93–0025) in the Second Circuit of Hawaii alleging sex discrimination, sexual harassment, intentional infliction of emotional distress, breach of the covenant of good faith and fair dealing, intentional interference with contractual relations and breach of contract. The complaint was brought against Reuben Richardson, Nathan Yasso, Royal Contracting Co., Ltd., and the Operating Engineers Local Union Number 3.

Plaintiff alleges that during the period she was employed by Royal Contracting as a service engineer at the Waikapu golf course she was the victim of gender discrimination and that these allegedly discriminatory acts were carried out by Defendant Reuben Richardson, the plaintiff's supervisor. On May 23, 1991, Richardson's alleged conduct prompted the plaintiff to file a grievance with her union through its business representative, Nathan Yasso. On May 28, 1991, Defendants Richardson and Yasso met with the plaintiff to discuss her complaints. At the end of this meeting, the plaintiff's employment with Royal was terminated. The plaintiff claims that this was a wrongful termination motivated by a desire to retaliate against her for filing a grievance against Richardson. The Defendants deny that Plaintiff was discriminated against or harassed. Moreover, Defendants contend that plaintiff Richardson was fired for just cause.

On March 12, 1993, Defendants Yasso and Operating Engineers Local Union No. 3 filed a verified petition for removal to the United States District Court on grounds that this Court had jurisdiction because the suit involved an alleged breach of contract between an employer and a labor organization. Accordingly, this action was removed to federal court. On August 4, 1993, Plaintiff agreed to dismiss all claims against Yasso and Local 3, with the exception of her claims for sex discrimination and gender harassment. On October 18, 1993, pursuant to a settlement agreement all parties, including Defendants Richardson and Royal, agreed to the dismissal of the remaining sex discrimination and gender harassment claims against Defendants Yasso and Local 3.

On November 8, 1993, the plaintiff filed this motion alleging that this action should be remanded back to state court because all remaining claims are based on state law.

At the hearing on January 3, 1994, Plaintiff agreed to dismiss with prejudice her claims of breach of contract and breach of the implied covenant of good faith.

## DISCUSSION

■ A district court may remove an action from state court only if the action could have been brought in the district court originally. 28 U.S.C. § 1441(a)–(b). In the absence of diversity jurisdiction, the issue of jurisdiction turns on the presence or absence of a federal question. While federal question jurisdiction is normally determined by examining the face of the plaintiff's complaint, in areas where federal law completely preempts state law, a claim purportedly based on state law is considered to be a federal claim from its inception. *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir.1993) (Labor Management Relations Act completely preempts any state cause of action on alleged violations of contracts between employers and labor organizations).

■ Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141–97, states that suits for violation of contracts between an employer and a labor organization "may be brought in any district court of the United States ... without respect to the amount in controversy or without regard to the citizenship of the parties." The purpose of this grant of federal jurisdiction is to assure that the terms of labor contracts are uniformly interpreted throughout the nation. *Eldridge v. Felec Services, Inc.*, 920 F.2d 1434, 1436 (9th Cir.1990). As a result, Section 301 of the LMRA preempts state law claims "founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" *Id.* (quoting *Caterpillar v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987)).

■ Section 301 does not, however, displace all state law governing the labor-management relationship. In *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 409–10, 108 S.Ct. 1877, 1883, 100 L.Ed.2d 410 (1988), the Supreme Court ruled that even in cases where a collective bargaining agreement addresses the same set of facts embodied in the state law claims, Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C.A. § 185, will not preempt a state law claim unless the resolution of the claim requires a court to interpret the collective bargaining agreement. In *Lingle*, the Court ruled that a plaintiff's Illinois Worker Compensation Act claim was "independent" of federal law because its application did not require interpreting any provision of the collective agreement. *Id.* at 407, 108 S.Ct. at 1882. Consequently, states remain free to "ensure that substantive rights afforded workers within their state, either by statute or public policy, are not infringed so long as 'adjudication of these rights does not depend upon the interpretation of collective bargaining agreements.'" *Eldridge,* 920 F.2d at 1436.

■ The primary issue in this case is whether plaintiff Foster's state law claims depend on any right or duty originating from the collective bargaining agreement. *Id.* at 1438 (ruling that no LMRA preemption existed because the Alaska Workers' Compensation Act creates nonnegotiable rights independent of a collective bargaining agreement). Each of the plaintiff's remaining allegations is derived from Hawaii law. These allegations include sex discrimination, sexual harassment and wrongful discharge. Accordingly, the plaintiff must establish that each claim involves a non-negotiable state-law right independent of any right established by contract. *Ramirez v. Fox Television Station, Inc.,* 998 F.2d at 748.

■ Defendants argue that the fact that plaintiff's claims could have been brought under the collective bargaining agreement between Royal and the Operating Engineers Local Union is sufficient basis to preempt her state law claims. This line of argument was explicitly rejected in *Lingle.* 486 U.S. at 410, 108 S.Ct. at 1883 (even if dispute resolution pursuant to the collective agreement and/or state law would cover precisely the same set of facts, the state law claim can still be "independent" of the collective agreement for § 301 preemption purposes). The mere fact that the collective bargaining agreement contains procedures for addressing grievances that parallel Hawaii law does not justify the preemption of the state law claims. In *Ramirez,* the 9th Circuit carried the *Lingle* rationale one step

further. The 9th Circuit ruled that because reference to the bargaining agreement is often necessary to determine the terms and conditions of employment, mere reference to a bargaining agreement in establishing a state cause of action does not justify § 301 pre-emption of the state law claim.[1] *Ramirez*, 998 F.2d at 749. Otherwise, the mere existence of a collective bargaining agreement would eviscerate the ability of states to provide heightened protection for its workers.[2]

 The plaintiff's remaining allegations can be roughly grouped in two categories, gender discrimination and retaliatory discharge. The plaintiff's gender discrimination and harassment claims are not preempted by Section 301 of the LMRA. The Hawaii legislature has clearly established that status discrimination in the workplace is illegal.[3] The right to be free of discrimination is a nonnegotiable right that is fully independent of any collective bargaining agreement between Local 3 and Royal. *Ramirez*, 998 F.2d at 748.

 Similarly, the retaliatory discharge claim is not preempted by § 301. Plaintiff alleges that she was fired in response to filing a grievance regarding Defendants conduct and that her dismissal violated Hawaii statutes and public policy. *See Parnar v. American Hotels, Inc.*, 65 Haw. 370, 380–81, 652 P.2d 625 (1982) (an employer may be held liable where employee demonstrates that employer's retaliatory discharge violates the clear mandate of Hawaii public policy). Moreover, Plaintiff correctly asserts that the question of wrongful discharge is a factual determination that does not require this court to interpret the collective bargaining agreement.[4] *Lingle*, 486 U.S. at 407, 108 S.Ct. at 1882 (a claim for retaliatory discharge is purely a factual determination that does not require construing the collective bargaining agreement); *Norris v. Hawaiian Airlines, Inc.*, 74 Haw. 235, 257, 842 P.2d 634 (1992) (retaliatory discharge claim presents purely factual questions that do not require interpretation of collective bargaining agreement). Indeed, whether or not Plaintiff was fired in retaliation for filing a grievance is completely separate from whether or not Plaintiff's conduct was sufficiently poor to establish "just cause" under the collective bargaining agreement.[5] Consequently, Plaintiff's state law claims are not preempted by § 301 of the LMRA.

1. While it is true that the line between "reference to" and "interpretation of" a collective bargaining agreement is necessarily a hazy one, referring to an agreement does not threaten the goal that prompted preemption—the desire for uniform interpretation of labor contract terms. *Ramirez*, 998 F.2d at 749; *Local 174, Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04, 82 S.Ct. 571, 576–77, 7 L.Ed.2d 593 (1962).

 Furthermore, had plaintiff's breach of contract and breach of the covenant of good faith claims not been dismissed, the case could not have been remanded since these types of contract claims "entangle" the court in the deciphering of the collective bargaining agreement. *Eldridge*, 920 F.2d at 1437.

2. It is also true that virtually every LMRA can be rewritten or reformed as a state statutory or common law claim.

3. H.R.S. Sec. 368–1 states "the legislature finds and declares that the practice of discrimination because of ... sex ... is against public policy."

 Hawaii's Employment Practices Act, Sec. 378–2, declares that it is unlawful for "any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment because of race, sex, age, religion, color, ancestry, handicapped status, or arrest and court record."

4. *But see Singh v. Trustees of Estate of Lunalilo*, 779 F.Supp. 1265, 1271 (D.Hawaii 1991) (*Lingle* requires an independent state policy such as a workers compensation act).

5. Although the collective bargaining agreement establishes that employees can only be fired for "just cause," the fact that Defendants claim "just cause" for Plaintiff's dismissal does not require preemption under § 301 of the LMRA. Defending against a charge of retaliatory discharge only requires the employer to show that there was a non-retaliatory reason for the discharge. This is a purely factual question that does not require interpretation of the collective bargaining agreement. *Lingle*, 486 U.S. at 407, 108 S.Ct. at 1882.

 The *Lingle* court could evaluate whether there was a nonretaliatory reason for discharge without resort to the collective bargaining agreement, because the collective agreement provided no specific reasons for discharge, providing instead only that discharge must be for "just cause." *Eldridge*, 920 F.2d at 1441 (Boochever, J., dissenting).

## CONCLUSION

Pursuant to agreement made in open court, Plaintiff's allegation for breach of contract and breach of the implied covenant of good faith are dismissed with prejudice.

Because the Plaintiff's remaining claims assert non-negotiable state rights which do not require this court to interpret the terms of the collective bargaining agreement, Plaintiff's motion to remand this case back to the Second Circuit of Hawaii is granted.

IT IS SO ORDERED.