Carolyn K. HESS, Plaintiff,

v.

B & B PLASTICS DIVISION OF METAL CLADDING, INC., and Local 686 and the International Union, United Automobile, Aerospace and Agricultural Workers of America, Defendants.

No. 94–CV–30C.

United States District Court, W.D. New York.

Aug. 11, 1994.

Kathleen E. Casey, Middleport, NY, for plaintiff.

Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria (Roderick D. Eves, of counsel), Buffalo, NY, for defendants.

## DECISION AND ORDER

CURTIN, District Judge.

### BACKGROUND

Plaintiff Carolyn K. Hess brought an action in state court against her former employer, defendant B & B Plastics Division of Metal Cladding, Inc. ("B & B Plastics"), and her union, defendants Local 686 and the International Union, United Automobile, Aerospace and Agricultural Implement Worker of America ("UAW"). She claims that B & B Plastics discriminated against her because of her sex in violation of Article 15 of the New York State Human Rights Law, Exec.L. § 296(1)(a) by firing her for repeated tardiness and absenteeism. She also claims the union violated subsection (1)(c) of the same Human Rights Law by discriminatorily refusing to follow through on her grievance.

Defendants Local 686 and the UAW removed the case to federal court. Despite the fact that the complaint only cites violations of state law, the union contends that Hess's suit over an alleged failure of their duty of representation actually states a claim under the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Defendants maintain that since the LMRA completely preempts Hess's state law claim, this court would have had original jurisdiction, and removal is proper. 42 U.S.C. 1441.

Plaintiff now seeks to remand her case back to state court. She argues that under

N.Y.Exec.Law § 296(1)(a) & (c), she has pleaded an independent cause of action which does not require an interpretation of either the LMRA or the collective bargaining agreement between the defendants. Nor does plaintiff otherwise base her action on a federal question.

## DISCUSSION

■ Plaintiff Hess asserts that her complaint is limited to claims of violations of the New York State Human Rights Law which are sufficiently independent of federal labor law to warrant a remand to state court.

Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (citations omitted).

■ The defendant unions oppose a remand. They argue that the "complete preemption doctrine" should be applied here as an exception to the well-pleaded complaint rule because the complaint asserts state law claims which seek to enforce rights that arise under the collective bargaining agreement (*Teamsters v. Terry,* 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990)), and are thus completely preempted by Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. A plaintiff may not defeat removal by "artfully" omitting to plead essential federal issues in the complaint. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). Moreover,

Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and therefore, does not authorize removal to federal court.... One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.... [The Supreme] Court has singled out claims pre-empted by § 301 of the LMRA ... for such special treatment.

*Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citations omitted).

Defendants maintain that if an employee files a state action against her union based upon the union's conduct during the grievance process, the claim is fairly characterized as a breach of the duty of fair representation which is preempted by federal law and therefore removable. *See, e.g., In re Glass Workers Local No. 173,* 983 F.2d 725, 728–29 (6th Cir.1993); *King v. Hoover Group, Inc.,* 958 F.2d 219, 222 (8th Cir.1992). In the cases cited by the defendants, the courts expressly found that even though the complaint had stated a violation of state law, in fact "no claims against the Union other than those which relate directly to its representation of [the plaintiff] through the ... grievance process [were pleaded]...." *In re Glass Workers,* 983 F.2d at 728. Since the claim here is that the union discriminated against the plaintiff when it failed to follow through on her grievance, it is similarly related to the defendant union's duty of fair representation.

Defendants contend further that § 301 of LMRA preempts state law claims which are founded on rights created by a collective bargaining agreement ("CBA") or are " 'substantially dependent on analysis of a collective-bargaining agreement.' " *Caterpillar,* 482 U.S. at 394, 107 S.Ct. at 2431, *quoting Electrical Workers v. Hechler,* 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 2167 n. 3, 95 L.Ed.2d 791 (1987). They argue that any duty which they may owe to Hess derives from or is created by the CBA. Absent this agreement, the defendants would have no duty to file grievances or attempt to settle employment disputes between the plaintiff and her employer.

Defendants also maintain that the plaintiff's claims are substantially dependent on analysis of the CBA. Hess claims that B & B's absenteeism policy was unfairly applied to her and that the union discriminated

against her in withdrawing her grievance. Thus, the court would have to decide whether the plaintiff was properly terminated under the CBA and whether the union properly followed the CBA's grievance procedure.

Hess responds that these issues are relevant but not central to her claim, which focuses on whether the union violated its state law duty not to discriminate against her on the basis of sex. She argues that her state law claim against the union of discriminatory treatment can be resolved without interpreting the collective bargaining agreement and is therefore " 'independent' of the agreement for § 301 pre-emption purposes." *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 410, 108 S.Ct. 1877, 1883, 100 L.Ed.2d 410 (1988). To support her position, she cites *Intern. Ass'n of Machinists by McCadden v. GE Co.,* 713 F.Supp. 547 (N.D.N.Y.1989), a case in which a plaintiff union sued its members' successor employer for violations of the same New York Human Rights Law, Exec.Law § 296. Relying on the Supreme Court decision in *Lingle v. Norge Div. of Magic Chef, Inc.,* the *McCadden* court determined that the case was not removable under Section 301 of the LMRA, because "the heart of the plaintiff's claims against [the employer] arise under the laws of the State of New York and are not generally of the sort which may be negotiated away at a bargaining table.... 713 F.Supp. at 554.

> [D]eterminations ... such as what constitutes membership in a protected class, what constitutes direct or statistical evidence of discriminatory conduct, as well as the existence and extent of a duty not to discriminate in employment on the basis of age, would rest on the application of state law.
>
> ... "[A] state law claim may depend for its resolution upon both the interpretation of a collective-bargaining agreement and a separate state law analysis that does not turn on the agreement. *In such a case, federal law would govern the interpretation of the agreement, but separate state law analysis would not be thereby preempted."*

*Id.* (emphasis in original), *citing Lingle,* 486 U.S. at 413, n. 12, 108 S.Ct. at 1885 n. 12. Courts in other jurisdictions have followed this reasoning. In *Foster v. Richardson,* 843 F.Supp. 625 (D.Hawaii 1994), the plaintiff similarly sued both her employer and her union for sex discrimination. The union removed, and plaintiff dropped her claims against the union and sought a remand on the remaining causes of action. The *Foster* court found that the plaintiff's gender discrimination and harassment claims against her employer were not preempted by Section 301 of the LMRA because the "Hawaii legislature has clearly established that status discrimination in the workplace is illegal. The right to be free of discrimination is a nonnegotiable right that is fully independent of any collective bargaining agreement." 843 F.Supp. at 629 (footnote omitted); *Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 748 (9th Cir.1993). *See also O'Shea v. Detroit News,* 887 F.2d 683 (6th Cir.1989) (state law discrimination claims against employer not preempted even when the plaintiff is represented by a union and the CBA has a "just cause" or "anti-discrimination" clause).

However, the cases cited above all concern a state-law claim against an *employer.* The issue before this court is whether a suit brought against a *union* for discrimination based on a state law violation is completely preempted by a § 301 "hybrid" action. N.Y.Exec.Law § 296(1)(c) makes it unlawful "[f]or a labor organization, because of the ... sex ... of any individual, to exclude or to expel from its membership such individual or to discriminate in any way against any of its members...." Under a *Lingle* analysis, if this state statute confers a substantial, nonnegotiable right to individual union members, it is not preempted by federal labor law. Conversely, if this right is guaranteed by § 301 of the LMRA as an aspect of the union's duty of fair representation and Congress intended § 301 coverage to preempt state action in this regard, federal law would preempt Hess's state claim.

The only case which has addressed this problem decided that federal labor law foreclosed state regulation of a union's duty to represent its members fairly. In *Welch v. General Motors Corp., Buick Motor Div.,* 922 F.2d 287 (6th Cir.1990), the United States Court of Appeals for the Sixth Circuit first found that the plaintiff had stated a claim against his employer for violation under the

Michigan Handicapper's Civil Rights Act which was not preempted, even though the employer argued that its treatment of the plaintiff was allowed or required by the collective bargaining agreement. The availability of this defense alone did not support removal to federal court because "Michigan employees have the right not to be discriminated against on the basis of age or handicap without regard to the collective bargaining agreement's language about an employee's rights." 922 F.2d at 293, *quoting O'Shea,* 887 F.2d at 687.

However, the court affirmed its pre-*Lingle* ruling in *Maynard v. Revere Copper Products, Inc.,* 773 F.2d 733 (6th Cir.1985), in which a plaintiff's claim against his union under another subsection of the same Michigan statute prohibiting a labor organization from discriminating against individuals because of their handicap *was* preempted. It determined that Michigan's "fair representation provision 'created no new rights for an employee and imposed no duty on a union not already clearly present under existing federal labor law.'" *Welch,* 922 F.2d at 294, *quoting Maynard,* 773 F.2d at 735. Since Michigan had established no new, substantial right for union members which could be determined independent of the collective bargaining agreement, § 301 of the LMRA preempted the state claim, and removal to federal court was proper.

This court is persuaded by the reasoning in *Welch* and its antecedents. Hess attempts to distinguish the case by pointing out that the collective bargaining agreement in *Welch* expressly defined the rights of employees with physical limitations. However, the *Welch* and *Maynard* courts did not premise their decisions on the language of the contracts. Rather, they looked to the nature of the coverage of a § 301 hybrid action and found that Congress had intended preemptive coverage of any type of discrimination by a union against its members, at least in the context of the union's duty of fair representation. I agree with that interpretation of federal labor law.

### CONCLUSION

Plaintiff Carolyn Hess's state claims against the union defendants are preempted by § 301 of the Labor Management Rela-

tions Act of 1947, 29 U.S.C. § 185 and are therefore properly removed to federal court under 28 U.S.C. § 1441. Plaintiff's motion to remand those claims to state court are denied.

■ In the interest of judicial economy, the court will also retain jurisdiction over Hess's state law claim against defendant B & B Plastics. B & B Plastics has expressed no opposition to the plaintiff's petition for remand and the case law appears to permit claims against the employer to proceed in state court even if a similar cause of action against the union is removed to federal court under a preemption theory. Nonetheless, this court properly has supplemental jurisdiction over the defendant employer in this case as long as the claims against Local 686 and the UAW are viable.

The court will hold a telephone conference regarding discovery on September 22, 1994, at 3 p.m.

So ordered.