**Laurence P. WILHELM, Plaintiff,**

v.

**SUNRISE NORTHEAST, INC., Ellen Fisher, Ronald Peter, Wackenhut Services, Inc., Local 1199, New England Health Care Workers, SEIU/AFL–CIO, Defendants.**

**Civil Action No. 3:95CV0814 (AHN).**

United States District Court,
D. Connecticut.

Oct. 24, 1995.

Joshua A. Hawks–Ladd of Sorokin, Sorokin, Gross, Hyde & Williams, Hartford, Connecticut, for plaintiff, Wilhelm.

George L. Kelly, Jr., of Seigel, O'Connor, Schiff & Zangari, Hartford, Connecticut, for defendant, Sunrise Northeast.

Michael E. Passero of the Law Offices of John M. Creane, Milford, Connecticut, for defendant, New England Healthcare Employees Union, District 1199 SEIU/AFL/CIO.

NEVAS, District Judge.

Judge's Recommended Ruling is approved, adopted, & ratified.

SO ORDERED.

### RECOMMENDED RULING ON DEFENDANTS' MOTIONS TO DISMISS

EAGAN, United States Magistrate Judge.

The plaintiff, Laurence P. Wilhelm, commenced this action in the Superior Court of the State of Connecticut on May 6, 1995, against the defendants, Sunrise Northeast, Inc., Ellen Fisher, Ronald Peter, Local 1199, New England Health Care Workers, SEIU/AFL–CIO, and Wackenhut Services, Inc. The plaintiff alleges the defendants discriminated against him because of his sexual orientation and generally violated principles of Connecticut common law.

The defendants removed the action to this federal court pursuant to 28 U.S.C. § 1441, claiming the allegations presented federal questions under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, on May 8, 1995. The plaintiff's motion to remand this action to the state court was denied by Judge Nevas on May 24, 1995.

Pending before the Court are the defendants' motions to dismiss.

For the reasons discussed below, the motion to dismiss filed by the defendants, Sunrise Northeast, Inc., Ellen Fisher, and Ronald Peter, on June 5, 1995 is GRANTED as to Counts I and II of the plaintiff's complaint; but DENIED as to Counts Three, Four, Five, Six, Seven, Eighteen, Twenty, and Twenty–One (# 19). The motion to dismiss filed by the defendant, New England Health Care Employees Union, District 1199, on May 15, 1995 is GRANTED as to Count 8 of the plaintiff's complaint (# 6). The motion to dismiss Count Fourteen filed by Wackenhut Services, Inc., is DENIED (# 24).

Having dismissed all of plaintiff's claims presenting federal questions, the Court remands this matter, pursuant to 28 U.S.C. § 1447(c), to the state court to resolve the remaining state law claims.

### I. *Facts And Procedural History*

The court finds the following allegations are relevant for purposes of this motion to dismiss:

The plaintiff, Laurence P. Wilhelm, was formerly employed as a Training Instructor at Sunrise Northeast's group home for the mentally retarded in Mansfield, Connecticut. Wilhelm was an active member in the New England Health Care Workers Union, District 1199. A collective bargaining agreement was in effect between Sunrise and District 1199, containing a just cause provision and a grievance procedure.

Plaintiff's claims arise from an incident that occurred on April 26, 1993, in which he alleges he was verbally threatened and harassed by security personnel hired by Sunrise to investigate the sexual assault of a male group home resident.

On May 10, 1993, plaintiff's union, Local 1199, filed a grievance on behalf of the plaintiff over his treatment by Sunrise.

On May 13, 1995, Sunrise denied the grievance. Local 1199 failed to pursue plaintiff's grievance any further.

On June 12, 1993, the plaintiff was released to work. Faced with the proposition of returning to Sunrise in light of the events of April 26th, the plaintiff immediately felt nervous, anxious, and emotionally distressed. As a result he did not resume employment with Sunrise.

On June 14, 1993, the plaintiff was informed by Richard Rose, a Sunrise employee, that inquiries were made into plaintiff's sexual orientation as part of the investigation of the alleged assault of the group home resident.

On May 6, 1995, the plaintiff commenced this action in the Superior Court of the State of Connecticut. He brought suit against his former employer, Sunrise, his supervisors, Ellen Fisher and Ronald Peter, the union, New England Health Care Employees Union, District 1199, and Wackenhut Services, Inc., an investigation company hired by Sunrise.

On May 8, 1995, District 1199 removed this action to federal court claiming the allegations presented federal questions under Section 301 of the LMRA, 29 U.S.C. § 185. The other defendants consented to the removal.

On May 15, 1995, District 1199 moved to dismiss Count 8, which states a claim for breach of the duty of fair representation.

On May 24, 1995, Judge Nevas denied the plaintiff's motion to remand.

On June 5, 1995, Sunrise, Peter, and Fisher moved to dismiss Counts One, Two, Three, Four, Five, Six, Seven, Eighteen, Twenty, and Twenty–One.

On June 23, 1995, Wackenhut Services moved to dismiss Count Fourteen.

Count One is styled as a "breach of contract" claim; and plaintiff alleges that the actions of his former employer were a breach of the collective bargaining agreement. Also in Count One he claims Sunrise violated CGS § 46a–81c, which forbids discrimination by an employer on account of sexual orientation.

Count Two is a wrongful discharge claim in violation of the public policy.[1]

Count Eight is directed at District 1199, alleging the union breached its duty of fair representation by not pursuing his grievance because of his sexual orientation in violation of C.G.S. § 46a–81c.

The defendants, Sunrise (employer) and District 1199 (union), contend the plaintiff's state law claims are preempted by § 301 of the Labor Management Relations Act; and thus barred by the 6 month statute of limitations applied to LMRA claims.

## II. *Discussion*

### A. *Standard For Motion To Dismiss*

When determining the validity of a motion to dismiss, the Court must assume all facts alleged to be true, drawing all reasonable inferences in favor of the plaintiff. *Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2nd Cir.1993); *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### B. *§ 301 Preemption of State Claims*

Section 301 of the LMRA confers subject matter jurisdiction over suits alleging violations of the collective bargaining agreement. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), referring to *Teamster's v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). In enacting § 301, Congress intended that uniform federal labor law would prevail over inconsistent, state-specific rules. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 209–10, 105 S.Ct. 1904, 1910–11, 85 L.Ed.2d 206 (1984). As a result, disputes over the meaning to be given a contract term and the consequences of a breach of contract must be resolved according to uniform federal law. *Id.,* at 211, 105 S.Ct. at 1911.

When resolution of a state-law claim depends upon interpretation of a collective bargaining agreement, the claim must either be treated as a § 301 claim or dismissed as preempted by federal labor-contract law. *Allis–Chalmers,* 471 U.S. at 221, 105 S.Ct. at 1916; *Lingle,* 486 U.S. at 405–06, 108 S.Ct. at 1881. But if a state-law claim can be resolved without interpreting the collective bargaining agreement, the claim is "independent" of the agreement and is not preempted by § 301. *Lingle,* 486 U.S. at 405–06, 108 S.Ct. at 1881.

---

**1.** Plaintiff has brought several other state-based tort claims against Sunrise Northeast, Inc., Fisher and Peter.

■ A plaintiff's claims must be tested by "whether the claims exist independent of any rights established by the contract" or whether the claims are "inextricably intertwined" with consideration of the terms of the collective bargaining agreement. *Allis–Chalmers,* 471 U.S. at 213, 105 S.Ct. at 1912.

■ If resolution of the plaintiff's claim hinges on the court's interpretation of the collective bargaining agreement, the claim is preempted regardless of whether it sounds in contract or tort. *See Dulay v. United Technologies Corporation,* 1994 WL 362149, *2 (D.Conn.) (Cabranes, C.J.). As the Supreme Court noted:

> If the policies that animate § 301 are to be given their proper range . . . the pre-emptive effect of § 301 must extend beyond suits alleging contract violations . . . If the state tort law right purports to define the meaning of the contract relationship, that law is pre-empted.

*Allis–Chalmers,* 471 U.S. at 210, 105 S.Ct. at 1910.

■ "Obviously, it is for the federal courts to determine when state tort claims are preempted by § 301. 'While the nature of the state tort is a matter of state law, the question of whether the . . . tort is sufficiently independent of federal contract interpretation to avoid pre-emption is, of course, a question of federal law.' " *Ellis v. Lloyd,* 838 F.Supp. 704 (D.Conn.1993), *quoting Allis–Chalmers,* 471 U.S. at 213–14, 105 S.Ct. at 1912–13.

With these principles in mind the Court will now address the issue of whether plaintiff's claims for breach of contract in Count 1, the tort of wrongful discharge in Count 2, and breach of duty of fair representation in Count 8 are preempted by federal labor law and § 301 of the LMRA.

### 1. *Breach of Contract*

■ The plaintiff's claim for breach of employment contract is preempted by § 301 of the LMRA.

■ Although the "well-pleaded complaint" rule confines federal jurisdiction to instances when a federal action is apparent on the face of the complaint, *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914), this principle is limited by the idea that a plaintiff may not defeat removal by simply omitting to plead necessary federal questions in a complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983).

■ If an area of state law is completely preempted by federal law, any claim based or that preempted area of law, however pleaded, is by definition a federal claim and thereby one arising under federal law. *Dragone v. M.J. Raynes, Inc.,* 695 F.Supp. 720, 723 (S.D.N.Y.1988), *citing Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). The preemptive force of § 301 is so powerful as to displace entirely any state cause of action that requires an interpretation of the rights and duties under a collective bargaining agreement. *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers,* 376 F.2d 337, 340 (6th Cir.1967), aff'd, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

The plaintiff does not dispute that a collective bargaining agreement was in place between Sunrise Northeast and District 1199. In fact, the "contract" referred to by plaintiff in his breach of contract claim is the collective bargaining agreement itself.

Any contractual rights vested in the plaintiff as an employee of the defendant were conferred upon him by the collective bargaining agreement agreed to by his former employer and the union. This collective bargaining agreement included a provision that the employee could not be terminated without "just cause"; and set forth a procedure for bringing grievances against the employer.

Quite clearly, resolution of the merits of plaintiff's breach of an employment contract claim would require the Court to interpret terms and provisions of the agreement upon which the employment relationship was founded.

■ As discussed above, claims that require an interpretation of the collective bargaining agreement are preempted by federal

labor law and treated as § 301 claims. *See Allis–Chalmers,* 471 U.S. at 221, 105 S.Ct. at 1916; *Lingle,* 486 U.S. at 405–06, 108 S.Ct. at 1881; *Claps v. Moliterno Stone Sales, Inc.,* 819 F.Supp. 141, 150–51 (D.Conn.1993) (plaintiff's claim for breach of an employment contract preempted by § 301 where there is a collective bargaining agreement in effect).

Therefore, plaintiff's claim in Count 1 should be treated by this Court as a § 301 claim for breach of the collective bargaining agreement.

### 2. *Wrongful Discharge*

In Count Two, the plaintiff sets out a claim for wrongful discharge in violation of public policy. Plaintiff contends the defendants' conduct constructively discharged him from employment, violating four established principles of Connecticut public policy.[2]

The defendant, argues this state law tort claim is preempted by § 301 of the LMRA because the plaintiff's collective bargaining agreement includes a "just cause" provision, the interpretation of which controls any claimed unjust termination. The court agrees with the defendants.

■ Connecticut law allows at-will employees to bring a cause of action in tort for wrongful discharge in contravention of established public policy. *Sheets v. Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 427 A.2d 385 (1980); *Carbone v. Atlantic Richfield Co.,* 204 Conn. 460, 528 A.2d 1137 (1987). The Connecticut Supreme Court has made it clear that this cause of action only extends to workers who could be discharged at will. *See D'Ulisse–Cupo v. Board of Directors of Notre Dame High School,* 202 Conn. 206, 211, fn. 1, 520 A.2d 217 (1987).

■ This claim is not afforded to employees whose discharge is contractually protected by a just cause provision in a collective

bargaining agreement. *See Anderson v. Coca Cola Bottling Co.,* 772 F.Supp. 77, 82 (D.Conn.1991); *Paradis v. United Technologies,* 672 F.Supp. 67, 70 (D.Conn.1987).

As the plaintiff alleges in Paragraph 6 of the Complaint, the collective bargaining agreement included a provision guaranteeing that an employee would not be discharged without "just cause". Thus, a suit under § 301 for breach of the "just cause" provision in the agreement is the vehicle through which the plaintiff should pursue claims that he was unjustly terminated on account of his sexual orientation[3], his pro-union activities or that his termination was provoked by abuse and harassment from unlicensed investigators.

■ Therefore, plaintiff's claim of wrongful discharge is preempted by § 301 of the LMRA and should be treated by the Court as a claim for breach of the collective bargaining agreement.

### 3. *Breach Of Duty Of Fair Representation*

In Count Eight the plaintiff alleges District 1199 breached its duty of fair representation by not pursuing his grievance against Sunrise Northeast, Inc. He alleges the union discriminated against him because of his sexual orientation in violation of C.G.S. § 46a–81c.

The plaintiff contends his claim is based solely on state law and does not involve the interpretation of the collective bargaining agreement.

In denying plaintiff's motion to remand on May 24, 1995, Judge Nevas held that the claim in Count 8 was preempted by § 301 of the LMRA. Judge Nevas concluded that plaintiff's claim against the union was "... founded directly on rights created by the collective bargaining agreement." Further,

---

**2.** The four principles allegedly violated are: i) discrimination on account of sexual orientation in violation of C.G.S. § 46a–81c; ii) discrimination on account of union activity; iii) utilizing interrogation methods that were malicious, fraudulent, and interfered with an ongoing law enforcement investigation; and iv) utilizing unlicensed private investigators in violation of C.G.S. § 29–153.

**3.** Based on the foregoing analysis and the Court's conclusion that a claim for wrongful discharge is unavailable to employees protected by a "just cause" provision, it is unnecessary to discuss whether C.G.S. § 46a–82 provides an adequate remedy for violations of C.G.S. § 46a–81c.

he noted that the terms in the agreement, setting forth the manner in which grievances would be pursued, are relevant to the claim that the defendant did not pursue the plaintiff's grievance properly.

■ Indeed, other courts have found that a union member's freedom from discrimination is protected by § 301 of the LMRA as part of the union's duty of fair representation. *See e.g., Welch v. General Motors Corp.,* 922 F.2d 287 (6th Cir.1990); *Hess v. B & B Plastics Div. of Metal Cladding, Inc.,* 862 F.Supp. 31 (W.D.N.Y.1994). Where state law creates no new rights for the union member and imposes no new duty on the union not already present under federal labor law then § 301 preempts the state claim. *Welch,* 922 F.2d at 294; *Hess,* 862 F.Supp. at 34; *see also Maynard v. Revere Copper Products, Inc.,* 773 F.2d 733, 735 (6th Cir. 1985).

■ Thus, plaintiff's allegation of discrimination on the basis of sexual orientation in violation of C.G.S. § 46a–81c is preempted by the duty of fair representation imposed by § 301 of the LMRA.

## C. *Plaintiff's § 301 Claims Are Barred By The Six Month Statute Of Limitations Applicable To Hybrid Claims*

■ Any claims plaintiff could bring under § 301 against his former employer and union for breach of the collective bargaining agreement and breach of the duty of fair representation are barred by the six month statute of limitations applicable to these "hybrid" actions.

In *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 169, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476 (1983), the Supreme Court held that the six month statute of limitations set forth in Section 10(b) of the NLRA, 29 U.S.C. § 160(b), applies to lawsuits that present claims against both the employer for breach of the collective bargaining agreement and against the union for breach of the duty of fair representation.

■ This six month period begins to run, "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the [breach of duty]." *Dulay v. United Technologies Corporation,* 1994 WL 362149, *2 (D.Conn.) (Cabranes, C.J.), citing Pantoja v. Holland Motor Exp., Inc.,* 965 F.2d 323, 327 (7th Cir. 1992); *see also, King v. New York Telephone,* 785 F.2d 31, 34 (2nd Cir.1986).

The grievance filed by District 1199 was denied on May 13, 1993. As the plaintiff avers, Local 1199 failed to pursue his grievance beyond even the first step. Thus, the facts giving rise to plaintiff's claims against both his former employer and his union arose after the grievance was denied and the union did not take further action.

The plaintiff does not allege the precise date he determined the union was not going to pursue his grievance any further. However, it is clear that exercising reasonable diligence, he should have concluded no further union support was forthcoming one year after the denial of the grievance. Thus, his cause of action under § 301 would have accrued May 13, 1994.

The plaintiff did not commence suit until April 6, 1995. Therefore his "hybrid" claim under § 301 of the LMRA is barred by the six month statute of limitations; and should be dismissed.

## D. *Remand Of State Law Claims*

The remaining claims brought against the defendants, Sunrise Northeast, Fisher, Peter, and Wackenhut Services, in Counts Three, Four, Five, Six, Seven, Fourteen, Eighteen, Twenty, and Twenty–One are based on state law.

Because the federal questions under § 301 of the LMRA are dismissed as barred by the statute of limitations the court no longer has subject matter jurisdiction over this litigation. If the district court lacks subject matter jurisdiction it must remand the case to the state court. 28 U.S.C. § 1447(c). Thus, this action is remanded to the state court to resolve the remaining claims.

## III. *Conclusion*

For the foregoing reasons, the motion to dismiss filed by the defendants, Sunrise Northeast, Inc., Ellen Fisher and Ronald

Peter, is GRANTED as to Counts One and Two; but DENIED as to Counts Three, Four, Five, Six, Seven, Eighteen, Twenty, and Twenty–One (# 19). The motion to dismiss Count Eight filed by Local 1199 is GRANTED (# 6). The motion to dismiss Count Fourteen filed by Wackenhut Services, Inc., is DENIED (# 24).

Having dismissed all claims presenting federal questions, The Court remands this matter to the state court, pursuant to 28 U.S.C. § 1447(c), to resolve the remaining state law claims.

Any objections to this report and recommendation must be filed with the Clerk of Courts within ten (10) days of the receipt of this recommended ruling. Failure to object to this report and recommendation within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrate Judges; *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir.1989).

Dated at Hartford, Connecticut this 28th day of September, 1995.