Andrew J. **RODOLICO**, on behalf of himself and all others similarly situated, Howard K. Benjamin, on behalf of himself and all others similarly situated, Robert G. Bozzone, on behalf of himself and all others similarly situated, Marvin Stall, on behalf of himself and all others similarly situated, Melvyn Rubenstein, on behalf of himself and all others similarly situated, Robert E. Wechsler, on behalf of himself and all others similarly situated, Plaintiffs,

v.

UNISYS CORPORATION, Defendant.

Unisys Corporation, Third–Party Plaintiff,

v.

Engineers Union, Local 444, Third–Party Defendant.

No. CV 95–3653(ADS).

United States District Court, E.D. New York.

May 1, 2000.

---

Gladstein, Reif & Meginniss, LLP, New York City (Walter M. Meginniss, of Counsel), for the Plaintiffs.

Epstein Becker & Green, P.C., New York City (Dean L. Silverberg, Matthew T. Miklave, Michael A. Kalish, A. Jonathan Trafimow, of Counsel), for the Defendant Unisys.

Eisner & Hubbard, P.C., New York City (K. Dean Hubbard, Jamie Rucker, Sean J. Bolser, of Counsel), for the Third–Party Defendant Local 444.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In its August 25, 1999 decision, this Court held that an employer being sued for age discrimination, based partly upon the terms of a Collective Bargaining Agreement and a Performance Planning and Evaluation Program ("PP & E"), may seek contribution under the New York Human Rights Law ("NYHRL") and CPLR 1401 from the union that was a party to those labor agreements. *See Rodolico v. Unisys Corp.*, 189 F.R.D. 245 (E.D.N.Y. 1999). As a result of this decision, pursuant to Rule 14 of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."), the Court granted Unisys' motion for leave to file a third-party complaint against Engineers Union Local 444 ("Local 444" or the "Union") to the extent it seeks contribution under the NYHRL. While the Court noted that timely motions for leave to implead non-parties should be freely granted, and that the third-party complaint was not obviously without merit, the prior decision did leave open the obvious right of the Union to file a motion to dismiss after being served with the third-party complaint.

Presently before the Court is the Union's motion to dismiss the third-party complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the basis that Unisys' state law claim for contribution is preempted by the federal labor law duty of fair representation ("DFR"). This issue was not raised nor examined in the Court's prior opinion granting leave to Unisys to file a third-party complaint. Alternatively, the Union claims that because Unisys' claim against it is arbitrable under the terms of the collective bargaining agreement ("CBA"), the third-party complaint must be stayed pending arbitration.

## I. BACKGROUND

The underling facts of the complaint were detailed in the Court's August 25, 1999 decision and will not be repeated here. In short, the plaintiffs allege that Unisys violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the "ADEA"), and the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* (the "NYHRL") in connec-

tion with a reduction in force ("RIF"). The putative plaintiffs, all members of Local 444, allege that Unisys' policies and practices in connection with the RIF, discriminated against older employees in violation of the ADEA and the NYHRL. The plaintiffs' allegations can be summarized as follows:

The layoff discriminated against older employees by disproportionately selecting them for discharge, by discriminatorily implementing a provision in a collective bargaining agreement giving Unisys discretion in selecting employees for lay off, and by using evaluation practices which, as described below, disfavored older workers.

Plaintiffs' Complaint at ¶ 2.

On October 22, 1999, Unisys filed its third-party complaint against the Union. The third-party complaint summarizes the facts set-forth in the plaintiffs' complaint and adds the following:

Plaintiffs make two assertions against Unisys that impact on Unisys' claims against the Union. First, at least one class representative claims that Article 11 discriminated against employees age 40 and older. Second, plaintiffs assert that the RIF reflected a departure from age neutrality. Plaintiffs' claims, therefore, depend on evidence that the PP & E was biased against older workers.

Unisys' Third–Party Complain at ¶ 13. Essentially, in support of its third-party complaint, Unisys argues that the Union's participation in the process leading to the alleged unlawful discrimination, namely, the Union's actions that led to the performance appraisal system and the Union's agreement to a three-tiered, weighted seniority system, makes it appropriate to hold the Union accountable for contribution for its proportionate share of any damages that may ultimately be awarded to the plaintiffs.

## II. DISCUSSION

### A. *Fed.R.Civ.P. 12(b)(6)*

On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 44 (2d Cir.1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 [1957] ); *see also IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir.1993), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994). The Second Circuit stated that in deciding a Rule 12(b)(6) motion, "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir.1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 [2d Cir.1991] ); *see also International Audiotext Network, Inc. v. AT & T Co.*, 62 F.3d 69, 72 (2d Cir.1995); *Paulemon v. Tobin*, 30 F.3d 307, 308–09 (2d Cir.1994).

It is not the Court's function to weigh the evidence that might be presented at a trial; the Court must merely determine whether the complaint itself is legally sufficient, *see Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985), and in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true, *see Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 140 (2d Cir.1999); *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991); *Proctor & Gamble Co. v. Big Apple Indus. Bldgs., Inc.*, 879 F.2d 10, 14 (2d Cir.1989), *cert. denied*, 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990), and construe all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996); *LaBounty*, 933 F.2d at 123; *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1098 (2d Cir.1988), *cert. denied*, 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

The Court is mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice," Fed.R.Civ.P. 8(f).

The issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995), *cert. denied,* 519 U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996) (quoting *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683). Recovery may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal under Rule 12(b)(6). *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995) (quoting *Weisman v. LeLandais,* 532 F.2d 308, 311 [2d Cir.1976] [per curiam] ).

### B. *The Duty of Fair Representation and Preemption*

As previously stated, the Union claims that Unisys' claim for contribution under CPLR 1401 is preempted by the federal duty of fair representation. The duty of fair representation is a judicially created rule established due to the status of labor unions as the exclusive bargaining representative for all employees in a given bargaining unit. *See Peterson v. Kennedy,* 771 F.2d 1244, 1253 (9th Cir.1985). In *DelCostello v. International Broth. of Teamsters,* 462 U.S. 151, 164, n. 14, 103 S.Ct. 2281, 76 L.Ed.2d 476, the Supreme Court explained the basis and scope of this duty:

> The duty of fair representation exists because it is the policy of the National Labor Relations Act to allow a single labor organization to represent collectively the interests of all employees within a unit, thereby depriving individuals in the unit of the ability to bargain individually or to select a minority union

as their representative. In such a system, if individual employees are not to be deprived of all effective means of protecting their own interests, it must be the duty of the representative organization to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."

*Id.* (quoting *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903 [1967] ). In *Vaca,* the Supreme Court held that a complaint that states a duty of fair representation claim "allege[s] a breach by the Union of a duty grounded in federal statutes and ... federal law therefore governs [the] cause of action." *Id.* at 177, 87 S.Ct. 903.

In two separate opinions, Judge Lawrence Kahn, United States District Court, Northern District of New York, accurately summarized the duty of fair representation preemption as follows:

> As the employees' agent, a union owes each employee the "duty of fair representation," i.e. the duty to act "without hostility or discrimination ... [in] complete good faith and honesty ... to avoid arbitrary conduct." *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). State law claims are preempted if they attempt to impose obligations on a union that are subsumed by this duty. *See Condon v. Local 2944, United Steelworkers of America, AFL–CIO,* 683 F.2d 590, 595 (1st Cir.1982) (state-imposed duties on the union are preempted unless they "arise wholly outside the ambit of those obligations circumscribed by a union's duty of fair representation under the collective bargaining agreement"); *Peterson v. Air Line Pilots Ass'n Int'l,* 759 F.2d 1161, 1169 (4th Cir.), *cert. denied,* 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985) (the preemption inquiry in "DFR" cases is "whether the duty of fair representation claim itself 'preempts' the power of the district court to exercise its pendent jurisdiction over related

state law claims."); *Oliva v. Wine, Liquor and Distillery Workers Union, Local One,* 651 F.Supp. 369, 371 (S.D.N.Y. 1987) (fraud claim was "nothing more than recharacterization[ ]" of claim for breach of duty of fair representation (citations and internal quotations omitted)). Thus, if the state claim "creat[es] no new rights for an employee and impos[es] no new duty on a union not already clearly present under existing federal labor law," it is preempted. *Welch v. General Motors Corp., Buick Motor Div.,* 922 F.2d 287, 294 (6th Cir. 1990) (quoting *Maynard v. Revere Copper Products, Inc.,* 773 F.2d 733, 735 (6th Cir.1985)).

*Snay v. U.S. Postal Service,* 31 F.Supp.2d 92, 99–100 (N.D.N.Y.1998) (dismissing the plaintiff's NYHRL claim against the union as preempted by the duty of fair representation); *Sheehan v. U.S. Postal Service,* 6 F.Supp.2d 141, 150–51 (N.D.N.Y.1997) (dismissing the plaintiff's state law claim of intentional misrepresentation as preempted by the duty of fair representation); *see also BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers,* 132 F.3d 824, 830 (1st Cir.1997) (holding that "state law is preempted whenever a plaintiff's claim invokes rights derived from a unions duty of fair representation."); *Bergeron v. Henderson,* 52 F.Supp.2d 149, 154–55 (D.Maine 1999) (dismissing the plaintiff's state law claims of sexual discrimination and harassment as preempted by the duty of fair representation); *Hess v. B & B Plastics Div. of Metal Cladding, Inc.,* 862 F.Supp., 31, 34 (W.D.N.Y.1994) (holding that the plaintiff's NYHRL gender discrimination claim against her union was preempted because "Congress . . . intended preemptive coverage of any type of discrimination by a union against its members, at least in the context of the union' duty of fair representation."); *Wilhelm v. Sunrise Northeast, Inc.,* 923 F.Supp. 330, 337 (D.Conn.1995) (dismissing member's state law claim against union for discrimination on the basis of sexual orientation and holding that

where state law "creates non new rights for the union member and imposes no new duty on the union not already present under federal labor law," such law is preempted by the DFR).

In its August 25, 1999 decision granting Unisys' motion for leave to file a third-party complaint against the Union, the Court noted that Unisys' contribution claim under the NYHRL was based on a breach of the Union's duty of fair representation. Specifically, the Court stated that "[t]he Union should be accountable for any role it may have had with regard to intentionally aiding in discrimination in the workplace—a result that promotes the duty of a union to fairly represent its members. Unions have a duty to act in good faith toward their members and to fight against discrimination that may occur as a result of employment decisions." *Rodolico,* 189 F.R.D. at 253.

Unisys' contribution claim alleges that the Union participated in the process leading to the alleged unlawful age discrimination against the plaintiffs. Unisys contends that the Union's involvement in the performance appraisal system and the Union's agreement to a three-tiered, weighted seniority system, makes it appropriate to hold them accountable for contribution. Thus, the third-party complaint against the Union is primarily concerned with the Union's activities as the representative of the plaintiffs. In fact, the only acts alleged to have been taken by the union are those that would have been taken in the union's statutory capacity as the exclusive bargaining representative of the putative plaintiffs and thus fall within the scope of the union's duty of fair representation.

The substance of the complaint against the Union is that the Union breached its duty of fair representation by discriminating against its members. As the duty of fair representation unquestionably forbids a union from discriminating against its members in its representative capacity, *Vaca,* 386 U.S. at 190, 87 S.Ct. 903, the

contribution claim under the NYHRL can-not be said to create a new right, and is thus subsumed by the duty of fair representation. Accordingly, Unisys' claim for contribution under the NYHRL is preempted by federal law and must be dismissed.

### III. CONCLUSION

Therefore, for the reasons set forth in this opinion, it is hereby

**ORDERED,** that Unisys' third-party complaint against Local 444 is **DISMISSED** as preempted by the duty of fair representation; and it is further

**ORDERED,** that the Union's motion for a stay pending arbitration is **DENIED** as it is deemed **MOOT;** and it is further

**ORDERED,** that the Clerk of the Court shall amend the caption to read as follows:

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

ANDREW J. RODOLICO, on behalf of himself and all others similarly situtated, HOWARD K. BENJAMIN, on behalf of himself and all others similarly situtated, ROBERT G. BOZZONE, on behalf of himself and all others similarly situtated, MARVIN STALL, on behalf of himself and all others similarly situtated, MELVYN Rubenstein, on behalf of himself and all others similarly situtated, ROBERT E. WECHSLER, on behalf of himself and all others similarly situtated,

Plaintiffs,

against

UNISYS CORPOPRATION,

Defendant.

**SO ORDERED.**