Mikhail PAVLOV, Olga Muravyova, Tamara Ustinova, Rustam Rustamov, Onara Partners, S & K Trust, Boris Komanitsky and Vladimir Petrov, Plaintiffs–Appellants,

v.

The BANK OF NEW YORK CO., INC. and the Bank of New York, Defendants–Appellees.

No. 01–7434.

United States Court of Appeals, Second Circuit.

Jan. 14, 2002.

Mark E. Herlihy, Law Office of Mark E. Herlihy, New York, NY, for Appellant.

Bruce E. Clark, Sullivan & Cromwell, John L. Warden, Richard H. Klapper, Marc De Leeuw, Jeffrey J. Chapman, on the brief, New York, NY, for Appellees.

Present LEVAL, CABRANES and STRAUB, Circuit Judges.

### SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is VACATED and the matter REMANDED.

Plaintiffs appeal from a judgment of the United States District Court for the Southern District of New York dismissing the second amended complaint. Plaintiffs seek to represent the class of depositors in the former Russian Joint Stock Bank Inkombank ("Inkombank"). The complaint asserts civil claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et*

seq. ("RICO"), as well as conversion and aiding and abetting conversion under New York State law. It alleges the looting of the assets of Inkombank by senior officials of the defendant Bank of New York ("BNY"), in collusion with Inkombank officials and members of Russian organized crime, with the consequence that the plaintiff-depositors were unable to withdraw their funds. The district court ruled that the complaint failed to state a RICO claim, because it did not allege an enterprise extending beyond the objectives of the racketeering acts charged, or a structural hierarchy. As to the state law claims, the district court dismissed the claims of all but two plaintiffs for failing to meet the jurisdictional amount-in-controversy requirement of 28 U.S.C. § 1332. The district court dismissed the two remaining plaintiffs' state law claims for forum non conveniens.

We vacate the dismissal of the RICO claim. Plaintiffs sufficiently pleaded the "enterprise" element of a RICO claim where they alleged that senior BNY officials associated with certain senior Inkombank officials, forming an enterprise to loot Inkombank, with Inkombank officials obtaining assets and BNY officials creating an international network to launder the proceeds. The district court relied on Eighth Circuit precedent that an association without continuity extending beyond the pattern of predicate racketeering acts does not constitute an enterprise within the meaning of 18 U.S.C. § 1961(4). *Stephens, Inc. v. Geldermann, Inc.*, 962 F.2d 808, 815 (8th Cir.1992); *United States v. Bledsoe*, 674 F.2d 647, 664 (8th Cir.1982); *see also Schmidt v. Fleet Bank*, 16 F.Supp.2d 340, 349 (S.D.N.Y.1998). Our Circuit has rejected the Eighth Circuit's restrictive approach to the enterprise element. *United States v. Mazzei*, 700 F.2d 85, 89–90 (2d Cir.1983). The statute defines an "enterprise" as including a "group

of individuals associated in fact." 18 U.S.C. § 1961(4). The Supreme Court, in *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), ruled that this requirement is satisfied by a "group of persons associated together for a common purpose of engaging in a course of conduct." *Id.* The enterprise need not necessarily have a continuity extending beyond the performance of the pattern of racketeering acts alleged, or a structural hierarchy, so long as it is in fact an enterprise as defined in the statute.

We have repeatedly found a sufficient enterprise where the complaint alleges a group without centralized hierarchy formed for the sole purpose of carrying out a pattern of racketeering acts. *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 22 (2d Cir.1983) (enterprise found for a single two-year transaction, where employees acquired inside knowledge of a tender offer, contacted a trader, who asked a stockbroker to buy them stock); *Mazzei*, 700 F.2d at 88 (enterprise consisted of group of individual bettors and Boston College basketball players conspiring to shave points in nine games to maximize gambling proceeds); *United States v. Errico*, 635 F.2d 152, 156 (2d Cir.1980) (enterprise consisted of a network of jockeys and a group of bettors, who joined together for the sole purpose of fixing and betting on horse races).

In view of our ruling as to the sufficiency of the allegation of an enterprise under RICO, we do not address the other bases for the district court's dismissal. As to the rulings relating to the proper invocation of diversity jurisdiction, they may no longer be pertinent if the district court's jurisdiction is properly invoked under 28 U.S.C. § 1331. The district court's rulings on forum non conveniens may also be viewed in a different light if the district court has before it a validly pleaded federal claim to supply federal jurisdiction.

Defendants contend that the plaintiffs cannot show RICO standing because the alleged injury was to the bank and the resulting loss to the plaintiff-creditors was derivative of the Inkombank's loss and would be cured by cure of the bank's loss. *See Holmes v. Sec. Investor Prot. Corp.,* 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992); *Commercial Cleaning Serv., L.L.C. v. Colin Serv. Syst., Inc.,* 271 F.3d 374, 380–85 (2d Cir.2001). The district court did not rule on the issue. We express no views on that question, leaving it to be considered in the first instance by the district court.

Accordingly, we vacate the judgment and remand for reconsideration.